WARD GULVIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gulvin v. Commissioner
Docket No. 641-81.
United States Tax Court
T.C. Memo 1982-418; 1982 Tax Ct. Memo LEXIS 328; 44 T.C.M. (CCH) 574; T.C.M. (RIA) 82418; July 26, 1982. *328 Ward Gulvin, pro se. John S. Winkler and Judy K. Hunt, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Lee M. Galloway for hearing on respondent's motion for partial summary judgment under Rule 121, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts his opinion which is set out herein below. [1]
OPINION OF SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: This case is before the Court on respondent's motion for partial summary judgment filed on January 20, 1982, together with an affidavit in support thereof, with respect to the year 1976. Respondent's motion was heard at the trial session at Tampa, Florida, on February 16, 1982. Petitioner appeared at the hearing on his own behalf and respondent appeared by his counsel. Petitioner objected to respondent's motion and the parties presented their respective *329 arguments. At the conclusion of the hearing, the motion was taken under advisement. FINDINGS OF FACT Petitioner lived in New Port Richey, Florida, at the time of filing his petition. Respondent determined a deficiency of $775.22 in petitioner's 1976 Federal income tax. In his notice of deficiency, [2] respondent disallowed dependency exemptions claimed by petitioner on his 1976 tax return for his children Sharon and Dennis, on the ground that petitioner has not established that he furnished more than one-half the support of either child. Petitioner does not dispute the above allegation even though his petition filed with this Court asserted error by respondent in disallowing the exemptions claimed. The facts upon which petitioner relies as the basis for his case are stated in his petition as follows: Petitioners' two children, Sharon and Dennis, are two of the petitioners' six children, who were put in [a] foster home and under Family Services care and the state of Florida *330 has provided over one-half of their support as provided by Florida Statutes. In 1972 and after by Florida Statute 409.345 provision, the liability for the childres' [sic] support is to come form [sic] petitioner's esteate [sic] after death. Therefore, petitioner is liable for all their support. Rev. Rul. 58-404, 1958-2 C.B. 56 by the Internal Revenue rules that the year support is furnished is the year to claim dependents, not the year payment is made, thereby making it possible to claim all their support because of liability for same. OPINION Respondent's motion for partial summary judgment under Rule 121, Tax Court Rules of Practice and Procedure, is based on the contention that the petition raises no genuine dispute as to any material fact with respect to the respondent's determination that petitioner is not entitled to dependency exemptions for his children, Sharon (born December 20, 1960) and Dennis (born September 10, 1962). Since respondent's motion is based, in part, on his affidavit filed with the motion in which he asserts that with respect to the dependency exemption issue, "the petitioner is advancing the identical arguments previously decided *331 against him by the United States Tax Court and by the United States Court of Appeals for the 5th Circuit," we must review the prior litigation between the parties. In Gulvin v. Commissioner,T.C. Memo. 1981-503, we stated: We note at the outset that petitioner argued this identical issue with virtually identical facts before this Court for the taxable year 1973. [3] See Gulvin v. Commissioner,T.C. Memo. 1980-111, affd. per curiam 644 F.2d (5th Cir. 1981). We held, and the Fifth Circuit agreed, that petitioner's children did not "receive" over half of their support from petitioner in that year, irrespective of whether there might have existed some general obligation of petitioner to reimburse the state for their support if the state had taken the necessary steps to collect from petitioner or his estate. The same result must apply in the instant case with respect to the 1975 taxable year. *332 The issue here is identical with Gulvin v. Commissioner,supra, except that the year involved is 1976 rather than 1975. Petitioner admits in his petition [3] that during the year 1976, as is 1975, his children Sharon and Dennis were in foster homes and over one-half of their support was provided by the State of Florida. Moreover, petitioner made no argument to the contrary. Since petitioner has litigated and twice lost in this Court (one decision having been affirmed by the 5th Circuit Court of Appeals) with respect to the same dependency exemption issue, petitioner is precluded from raising this issue for the 1976 year herein involved under the doctrine of collateral estoppel. This doctrine, as stated in the U.S. Supreme Court case of Commissioner v. Sunnen, 333 U.S.. 591, 599-600 (1948), is limited in tax cases "to situations where the matter raised in the second suit identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." In view of the fact that the issue raised in this case is identical to the issue in the prior Gulvin case, and the controlling facts and *333 applicable legal rules remain unchanged, as required by the collateral estoppel principle set forth in Sunnen V. Commissioner,supra, we grant respondent's motion for partial summary judgment with respect to the dependency exemtion issue. An appropriate order will be entered.
Footnotes
1. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
2. Two other issues raised in respondent's notice of deficiency, the disallowance of auto expenses and a bad debt, have not been made a part of respondent's motion for partial summary judgment.↩
3. Only two minor technical differences exist between the prior case involving the petitioner and this action. In 1973, petitioner claimed dependency exemptions for five of his children who had been placed in foster homes while in the instant case with respect to 1975 he claimed only two of these children as dependents. In addition, while the estate of petitioner's wife, Dorothy Gulvin, was a party to the prior action, we dismissed the present case for lack of jurisdiction insofar as it related to the Estate of Dorothy Gulvin.↩
3. We are uncertain why petitioner apparently relied on Rev. Rul 58-404, 1958-2 C.B. 56↩, cited in his petition. In that ruling, the Commissioner held that the year in which a taxpayer provided support to an individual, rather than the year in which the taxpayer became obligated to pay for the support provided, was controlling in determining whether "over half" of the support of an individual "was received from the taxpayer." This ruling is of no assistance to petitioner. He admits that the State of Florida provided over half of the support of Sharon and Dennis in 1976.